# In the United States Court of Federal Claims

No. 20-238C
(Filed: January 7, 2021)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
RALPH STEPHEN GAMBINA,                        *
                                              *
                Plaintiff,                    *
                                              *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

_____

## ORDER OF DISMISSAL
_____

**WILLIAMS**, Senior Judge.

On February 28, 2020, Plaintiff pro se Ralph Stephen Gambina, who is incarcerated in the Buena Vista Correctional Facility in Colorado, filed a Complaint alleging a breach of an oral implied-in-fact contract. Plaintiff claims that under this agreement the "Florence Max Facility authorities" would move him to a "minimum security Colorado State prison, with programs and opportunities to obtain work in society." Compl. at 4. Plaintiff alleges the Federal Bureau of Prisons, Florence Max Facility authorities and the Colorado Department of Corrections authorities have failed to honor this contract. Id. Plaintiff alleges that he is currently incarcerated in a "medium-close custody facility." Id.

Plaintiff seeks a "declaration that the Federal Bureau of Prisons, Florence Max Facility authorities, and the Colorado Department of Corrections authorities, must honor the contract" and place Plaintiff in a "minimum security Colorado State prison, with programs and opportunities to obtain work in society." Id. at 8.

On March 20, 2020, Defendant filed a Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant argues that Plaintiff only "seeks equitable relief under the Declaratory Judgment Act," which is outside of this Court's jurisdiction, and that Plaintiff fails to allege the elements of an implied-in-fact contract. ECF No. 7 at 1-3.

Plaintiff's response to Defendant's Motion to Dismiss was due by April 20, 2020. On July 20, 2020, the Court ordered Plaintiff to file a response to Defendant's motion by August 10, 2020,

and warned Plaintiff that failure to comply with the Court's order might lead to a dismissal of the case. ECF No. 8. Plaintiff once again failed to file a response to Defendant's motion by the Court-ordered date. On November 5, 2020, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. ECF No. 10. Plaintiff's response to the Show Cause Order was due by November 25, 2020. Id. To date, Plaintiff has not filed a response to Defendant's Motion to Dismiss or this Court's Show Cause Order.[1] Because Plaintiff has failed to timely respond to Defendant's motion or this Court's Show Cause Order, the Court dismisses this action for failure to prosecute.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see Adkins v. United States, 816 F.2d 1580, 1581-82 (Fed. Cir. 1987) (upholding trial court's dismissal for failure to prosecute when plaintiffs repeatedly failed to timely comply with court orders); Kadin Corp. v. United States, 782 F.2d 175, 175 (Fed. Cir. 1986). Rule 41(b) explicitly states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . ." RCFC 41(b). Thus, Rule 41(b) expressly permits a sua sponte dismissal for failure to prosecute. "Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation." Barnes v. United States, 122 Fed. Cl. 581, 583 (2015).

## Conclusion

Plaintiff's Complaint is **DISMISSED** for failure to prosecute pursuant to Rule 41(b).[2] Plaintiff's "Motion for Ruling under 28 U.S.C. § 1915A" is moot.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[1] Plaintiff's only filing since his February 2020 Complaint is a September 2020 "Motion for Ruling under 28 U.S.C. § 1915A" requesting that the Court "review the complaint and identify its cognizable claims." ECF No. 9 at 2.

[2] Even if Plaintiff had timely prosecuted this action, Plaintiff has not established that this Court possesses jurisdiction to hear his suit, as he requests only equitable relief unrelated to a claim for monetary relief. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998) (per curiam) ("The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.").

2